UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| REUVEN TENAMEE, | ) | CASE NO.  4:05 CV 1096 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

The United States District Court for the District of Maryland received a letter from prison inmate Reuven Tenamee dated April 4, 2005.  In the letter, Mr. Tenamee (who is currently incarcerated in the Federal Correctional Institution in Elkton, Ohio) asserted that he was entitled to pretrial detention credits.  The court construed Mr. Tenamee's correspondence as a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and filed it accordingly.  Tenamee v. United States of America, 1:05CV1077 (D. Md., filed Apr. 18, 2005).

Upon review of the petition, the District Court of Maryland determined that it lacked personal jurisdiction over petitioner's custodian, and issued an order on April 26, 2005 transferring the matter to Northern District Court of Ohio.  The above-captioned petition was filed in this court on May 2, 2005.

*Background*

Mr. Tenamee alleges that he was arrested on "fabricated charges in Sao Paolo, Brazil

on April 12, 1990. On the same date, a third superseding indictment was filed against him.[1] Mr. Tenamee claims that, five days later, he was interviewed in a Brazilian jail by special agents D. Miller, G. Gaasche and John Gratz. On or about November 1, 1990, "petitioner was allowed to leave the prison through the guards, and escorted to a Bus Stop." (Pet. at 2.) He was subsequently arrested at the Schiphol International Airport in Amsterdam on November 24, 2000. He pleaded guilty to the "original" indictment filed under Case No. 1:89-CR-00235-5. [2]

*Analysis*

In his petition before this court, Mr. Tenamee is seeking credit for 226 days he was in a Brazilian jail prior to his arrest in Amsterdam. He describes this period of time as a "'Political Stall' as U.S. Government Agents were setting up extradition procedures." (Pet. at 1.) He also seeks a correction of the Judgment and Commitment Order to reflect sentence credit following his arrest in the Netherlands on April 27, 2001. If the court grants these requests, petitioner maintains that it will allow the commencement of immediate deportation proceedings since his current release date is December 25, 2005. Also, petitioner claims that his health is deteriorating as a result of a "bad heart" for which he is awaiting surgery, as well as for surgery on his knee.

*28 U.S.C. § 2241*

Courts have uniformly held that claims asserted by federal prisoners seeking to

---

[1]Mr. Tenamee states that a superceding and a second superceding indictment were each filed against him on September 7, 1989 and December 14, 1989, respectively.

[2]A superceding indictment was filed against petitioner in the United States District Court for the District Court of Maryland on September 7, 1989. United States v. Tenamee, et al., No. 1:89cr0235-5 (D. Md., filed Sep. 7,1989). He pleaded guilty to counts 3 and 5 and was sentenced by the court on March 4, 2002 to 70 months in prison, followed by 3 years of supervised release.

2

challenge their convictions or imposition of their sentences shall be filed in the sentencing court under 28 U.S.C. § 2255, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d. Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977).

This case clearly involves a challenge to the manner in which the BOP is executing Mr. Tenamee's sentence. Further, although this court has personal jurisdiction over his custodian there is no allegation or attachment to the petition that indicates he has exhausted his administrative remedies. See Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981) (federal prisoner must first exhaust his available remedies before filing a § 2241 petition for habeas corpus relief).

*Failure to Exhaust*

Courts have original jurisdiction over the imposition of a sentence. The BOP is, however, responsible for computing that sentence and applying appropriate good time credit. United States v. Martinez, 837 F.2d 861, 865-66 (9th Cir.1988). The BOP has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court. United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir.1990). Therefore, it is well established by case law that federal prisoners are required to exhaust administrative remedies before filing a habeas petition under 28 U.S.C. § 2241. See Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir.1992); Smith v. Thompson, 937 F.2d 217, 219 (5th Cir.1991); Tucker v. Carlson, 925 F.2d 330, 332 (9th

3

Cir.1991); <u>Little</u>, 638 F.2d at 954).

   Since the Attorney General had delegated the right to promulgate rules providing for the computation of prisoners' sentences to the BOP, <u>see</u> 28 C.F.R. § 0.96(g), this court is without jurisdiction to entertain a challenge to those computations unless the petitioner has first sought administrative relief through the administrative procedures within the BOP.  <u>United States v. Pelaez</u>, 930 F.2d 520, 524 (6th Cir. 1991); <u>Chua Han Mow v. United States</u>, 730 F.2d 1308, 1313 (9th Cir.1984), <u>cert.</u> <u>denied</u>, 470 U.S. 1031 (1985); <u>United States v. Mathis</u>, 689 F.2d 1364, 1365 (11th Cir.1982). Considering the fact that Mr. Tenamee has failed to exhaust his administrative remedies, this case must be dismissed.

   Based on the foregoing, this action is dismissed without prejudice for failure to exhaust administrative remedies.  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

   IT IS SO ORDERED.

       s/ DAVID A. KATZ 7/20/05
       _____
       DAVID A. KATZ
       UNITED STATES DISTRICT JUDGE

---

[3]28 U.S.C. § 1915(a)(3) provides:

  An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.

4